IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAVID FIELD ABBOTT, ) | CIVIL ACTION No.: 4:10-CV-2253-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | ORDER |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On May 1, 2012, the Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d). On May 18, 2012, Defendant filed a response stating that Defendant does not object to the amount of EAJA fees requested in the amount of $2,674.94 being awarded to the Plaintiff and that the award would be without prejudice to the rights of Plaintiff's counsel to seek attorney's fees under Section 206(b) of the Social Security Act, 42 U.S.C. §406(b), subject to the offset provisions of the EAJA.[1]

---

[1] Even though Plaintiff did not specifically request a contrary arrangement, Defendant requests that the fee award should be paid directly to Plaintiff, not Plaintiff's counsel, despite the fact that Plaintiff submitted an affidavit stating she was assigning her entitlement to a fee under the EAJA to her attorney. This issue was addressed recently in Payton v. Astrue, 2012 WL 1859193 (D.S.C. May 22, 2012), in which the court held the following:

> Defendant did not object to this calculation of the fee. Defendant does object to Payton's request that fees be awarded directly to her attorney. Payton signed an affidavit that assigns all fees awarded under the EAJA to her attorney. However, the Supreme Court has recently held that the EAJA requires attorney's fees to be awarded directly to the litigant. See Astrue v. Ratliff, ——U.S. ——, 130 S.Ct. 2521, 2527, 177 L.Ed.2d 91 (2010) ("EAJA fees are payable to litigants and are

Therefore, it is

**ORDERED** that Plaintiff's motion for attorney's fees (doc. #34) as outlined above is granted, and Plaintiff is awarded attorney fees pursuant to EAJA in the amount of $2,674.94.

**IT IS SO ORDERED**.

|  |  |
|---|---|
| September <u>26</u>, 2012<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

---

thus subject to offset where a litigant has outstanding federal debts."); <u>Stephens v. Astrue</u>, 565 F.3d 131, 139 (4th Cir.2009) (same). In addition, this court has held that EAJA fees are payable to the plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. <u>See</u> <u>Washington v. Astrue</u>, No. 08–2631, 2010 WL 3023048, at *5 (D.S.C. July 29, 2010). Therefore, the court grants attorney's fees to plaintiff, not her attorney, . . .

<u>Payton v. Astrue</u>, 2012 WL 1859193, * 3, n. 3. Thus, any requests by Plaintiff that the court order the EAJA fees be paid directly to her attorney would be improper.